IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICTOR M. RODRIGUEZ-FELICIANO, *et al.*,<br><br>**Plaintiffs**<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>**Defendants** | **CIVIL NO.** 12-1404 (JAG) |

OPINION AND ORDER

GARCIA-GREGORY, D.J.

Before the Court is a motion to dismiss, advanced by co-defendants the Commonwealth of Puerto Rico ("Commonwealth"), the Puerto Rico Police Department ("PRPD"), the Puerto Rico Department of Corrections and Rehabilitation ("PRDOC"), the Puerto Rico Department of Justice ("PRDOJ"), the current PRPD Superintendent Hector Pesquera ("Pesquera"), the former PRPD Superintendent Jose Figueroa-Sancha ("Figueroa-Sancha"), the former PRDOC Secretary Jesus Gonzalez-Cruz ("Gonzalez-Cruz"), Victor Rivera-Percy ("Rivera-Percy"), and Norma Martinez-Toucet ("Martinez-Toucet"). (Docket No. 24). Plaintiffs Victor M. Rodriguez-Feliciano and Luis A. Journet-Martir ("Plaintiffs") timely filed a response to defendants' motion to dismiss. For

Civil No. 12-1404                                                    2

the reasons set forth, the Court **GRANTS IN PART and DENIES IN PART** the motion to dismiss.

### ANALYSIS

Fed.R.Civ.P. 4(m) provides in part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must *dismiss the action without prejudice* against that defendant or order that service be made within a specified time.But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. (Emphasis added).

The Rule explicitly provides a 120-day limit after the complaint is filed for the plaintiff to serve process upon the defendants. A plaintiff's failure to satisfy this procedural requirement without a showing of good cause warrants the action's dismissal against those particular defendants who were not served with the complaint. Feliz v. McNeill, 493 F. App'x. 128, 131-32 (1st Cir. 2012); see also Soto-Torres v. Mueller, --F. Supp. 2d --, 2012 WL 3611826 (D.P.R. Aug. 20, 2012) (dismissing the claim in light of the undue delay, prejudice, and futility of an amendment to identify John Doe defendants).

Since the claim's filing on May 29, 2012, Plaintiffs have not amended the complaint to identify the unnamed defendants nor requested additional time to serve process upon them. Moreover, Plaintiffs have failed to show good cause for their failure to abide by Fed.R.Civ.P. 4(m). Finally, their response to

Civil No. 12-1404                                                                3

Defendants' motion to dismiss did not address the lack of service of summons within the 120 day period as argued by Defendants. Pursuant to Local Rule 7 of the District of Puerto Rico, plaintiffs have waived their objection to this particular issue. Since a federal court can only exercise personal jurisdiction over a defendant once the procedural requirement of service of summons is satisfied, the instant claim must be dismissed against all unidentified defendants for lack of service of summons. Williams v. Jones, 11 F.3d 247, 255 (1st Cir. 1993) (citing Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co., 484 U.S. 97, 103 (1987)).

     With respect to Eleventh Amendment immunity, the amendment protects states and their instrumentalities from being sued for *money damages*, subject to various exceptions. Metcalf & Eddy v. P.R. Aqueduct & Sewer Authority, 991 F.2d 935, 938 (1st Cir. 1993). This protection extends to state officials sued in their official capacity. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Consequently, the Eleventh Amendment requires that the section 1983 claim be dismissed against those individual defendants in their official capacity as members of the PRPD and the PRDOC.

     Concerning the Commonwealth, PRPD, PRDOC, and PRDOJ, Plaintiffs must amend the complaint to seek prospective injunctive relief against these defendants in lieu of money

Civil No. 12-1404                                                    4

damages, if they wish to continue their action against these Defendants. See <u>Rosie D. ex rel. John D. v. Swift</u>, 310 F.3d 230 (1st Cir. 2002).

**CONCLUSION**

For the reasons stated above, the Court **GRANTS IN PART and DENIES IN PART** the motion to dismiss put forth by the aforementioned co-defendants. Plaintiffs' section 1983 claim against the eighty-two unnamed and unidentified individuals are **dismissed without prejudice**. The claims against co-defendants Figueroa-Sancha, Pesquera, Gonzalez-Cruz, Rivera-Percy, and Martinez-Toucet, in their official capacity are **dismissed with prejudice**.

Plaintiffs will have 14 days upon the entering of this opinion to amend the complaint to seek prospective injunctive relief against the Commonwealth, PRPD, PRDOC, and PRDOJ, if they wish to keep them as parties to the instant action. All other claims, including the 1983 claim against the named, individual defendants in their personal capacity, remain.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of August, 2013.

S/Jay A. Garcia-Gregory<br>
JAY A. GARCIA-GREGORY<br>
United States District Judge